514 A.2d 111

**In the Interest of Deborah MOBLEY, a minor.**

**Appeal of Leora KURLANSIK a/k/a Leora Mobley.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Aug. 7, 1986.

Victor A. Neubaum, Jr., York, for appellant.

Daniel Fennick, York, for appellee.

Before WIEAND, BECK and WATKINS, JJ.

WIEAND, Judge:

This is an appeal from an order transferring jurisdiction and protective supervision of a dependent child to the Family Court of the 15th Judicial Circuit, Horry County, South Carolina. The natural mother, Leora Kurlansik, contends that the transfer of jurisdiction was improper. We disagree and affirm.

Deborah Mobley was born to Leora (Mobley) Kurlansik[1] and Blaine Mobley on September 19, 1982. On November 7, 1982, Deborah was declared a ward of the court and was placed in foster care pursuant to an emergency placement petition filed by the York County Children and Youth Services (YCCYS). On November 10, 1982, the child was adjudicated a dependent child in accordance with a stipulation entered by the parties. Custody was awarded to YCCYS. During the next three years, nine review hearings were held.

In April, 1983, the natural parents moved from Pennsylvania to Florida, where they resided with Blaine Mobley's

---

1. The parents have since divorced and the mother has resumed the use of her maiden name.

mother. In May, 1984, the court learned that the natural parents had moved to Louisiana and were living near Blaine Mobley's father and his father's wife. To facilitate the goal of effecting an ultimate return of Deborah to her natural parents, the court, on June 26, 1984, ordered that physical custody of the child be transferred to the paternal grandfather and his wife, who were to assume foster care of the child until such time as the natural parents were capable of caring for the child themselves. Legal custody remained in YCCYS. Because neither the parents nor the child resided in Pennsylvania, the court, on October 31, 1984, directed that the Louisiana authorities be contacted to determine whether that state would assume jurisdiction over the case. On January 2, 1985, however, it was learned that the Louisiana authorities would not accept jurisdiction because, while the natural parents continued to reside in that state, the grandfather, his wife and the child had moved to South Carolina. The court in York County, therefore, directed that the authorities in South Carolina be contacted about providing supervisory services for the child and accepting jurisdiction of the case.

The next judicial review hearing was held on April 30, 1985. By this time, both parents had moved back to Pennsylvania and were seeking a divorce. The court found that while the natural parents mere making progress toward becoming suitable parents to Deborah, neither was ready, at that time, to assume the duties and obligations of a custodial parent. Therefore, the court directed that Deborah remain in foster care with her grandfather in South Carolina.

At a later review hearing on October 28, 1985, the court observed that although the natural mother had continued to make progress toward assuming custody, such a goal could not realistically be achieved for at least eight months. Therefore, the court directed that jurisdiction and protective supervision be relinquished to the Family Court of the 15th Judicial Circuit of the State of South Carolina, where Deborah had been living with her paternal grandfather and his wife. It was from this order that the natural mother

appealed. Following the entry of this order and while an appeal was pending in the Superior Court, the natural parents, now divorced, returned to and resumed separate residences in the State of Florida.[2]

The Juvenile Act, at 42 Pa.C.S. § 6361(b), authorizes transfers as follows:

> If the child becomes a resident of another state while ... under protective supervision under an order of a court of this commonwealth, the court may request the court of the state in which the child has become a resident to accept jurisdiction of the child and to continue [her] ... protective supervision.

This statutory provision, it seems clear, authorized the Juvenile Court in York County to request the court in South Carolina to accept jurisdiction and continue protective supervision which the Pennsylvania court could not directly provide.

■■■ Appellant argues, however, that the court in York County abused its discretion by transferring jurisdiction because ultimate return of the child to the natural mother was thereby made more burdensome. We reject this argument. Although we do not minimize the desirability of effecting an ultimate return of the child to a natural parent, we are unable to agree that the transfer of jurisdiction in this case will defeat or render more difficult the attainment of that goal. The only conditions which must exist before a Pennsylvania court can transfer jurisdiction are (1) that the child be a resident of another state while under protective supervision in Pennsylvania, and (2) that the court of the state in which the child has become a resident agree to

2. At the time of the hearing which produced the order transferring jurisdiction, the natural parents were residing in Pennsylvania. Both parents moved to Florida after the order had been entered. Although this fact was not—it could not be—part of the record and was not considered by the hearing court, the parties are agreed and have advanced appellate argument on the basis that the natural parents are now residing in Florida. In the interest of judicial economy, we have reviewed the hearing court's order in the light of such later residences instead of remanding for a further evidentiary hearing to establish the fact of their Florida residences.

accept jurisdiction and continue protective supervision. These conditions have been met in the instant case. Therefore, the court in York County could properly transfer the case in order to achieve a more immediate, more effective, and more meaningful supervision than the imperfect supervision which it could provide while the child continued to reside in South Carolina.

To conclude, as appellant would have us do, that her parental rights have been subjected to greater risk because of the Juvenile Court's transfer order is hardly worthy of comment. In the first place, there is not pending anywhere a present petition to terminate her parental rights. Secondly, if appellant fulfills her parental responsibilities to the child and perseveres in her efforts to acquire essential parental skills, it is unlikely that such a petition will be filed or, in any event, that it will be successful. And finally, there is no reason to speculate, as appellant would have us do, concerning the relative difficulty of defending against a termination petition if it were filed in Pennsylvania or South Carolina.

Because the order transferring jurisdiction of the child and protective supervision to South Carolina has been authorized by statute and because the order did not constitute an abuse of the Juvenile Court's discretion, the order is affirmed.