514 A.2d 1382

COMMONWEALTH of Pennsylvania

v.

Elsworth Leroy GROFF, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted June 26, 1986.

Filed Sept. 15, 1986.

478

Christopher M. Patterson, Leola, for appellant.

Richard A. Sheetz, Jr., Assistant District Attorney, Lancaster, for Com., appellee.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

On September 16, 1983 following a trial by jury, appellant Elsworth Leroy Groff was found guilty of first degree murder. Post-trial motions were filed by trial counsel on September 23, 1983. Later on September 7, 1984 supplemental post-trial motions were filed on appellant's behalf by a new public defender. After a hearing, the lower court denied post-trial motions on December 14, 1984. Then on April 18, 1985 supplemental post-trial motions alleging ineffectiveness of counsel were filed by appointed counsel. An evidentiary hearing on the ineffectiveness claims was held and on November 18, 1985 the court denied the supplemental motion for a new trial alleging ineffective assistance of counsel. Appellant was subsequently sentenced to life imprisonment on December 2, 1985. A timely motion to modify sentence was filed and denied. This appeal followed.

The conviction for first degree murder arose out of the shooting death of the appellant's estranged wife. The shooting occurred in the family home and was incited by a marital dispute. At the time of the incident, one of appellant's children called "911", the police emergency telephone number, to ask for help. An automatic audio recording was made at the police center which picked up much of the noise, shouting and gun shots surrounding the event. Appellant left the home immediately after the shooting incident but was picked up by the local police shortly thereafter. He was initially stopped by the police for a traffic violation but upon approaching appellant's vehicle, the officer realized that the truck matched the assailant's truck as described by police radio. Appellant was arrested and taken to the police station at which time he gave an inculpa-

tory statement. Appellant was given an intoxalyzer test which revealed a .10 blood alcohol count, and was then charged with criminal homicide.

In this appeal appellant raises numerous issues which we will address *seriatim*.

Appellant first claims that the lower court erred in permitting the jury to hear an electronically enhanced 911 emergency number tape recording which contained screams of the victim and her children and, further, that trial counsel was ineffective in failing to object to its use on the basis of the electronic enhancement. The recording was introduced by the Commonwealth as part of its case in chief.

Trial counsel did object to the introduction of the recording at trial claiming that the sounds of the victim's and children's screams would inflame the minds of the jury and that its prejudicial impact would outweigh its probative value.

Our review of the case law in this Commonwealth reveals no decisional law dealing with this type of tape recorded evidence. However, the general test for the admission of demonstrative evidence has been set forth on numerous occasions:

> Where relevant photographs of the victim's injuries are offered in evidence, a two-stepped analysis is employed. First, the court must decide whether a photograph is inflammatory in nature. If, but only if, the photo is deemed to be inflammatory, the court must then apply a balancing test, and determine whether the photo is of "such evidentiary value that [its] need clearly outweighs the likelihood of inflaming the minds and passions of the jurors." *Commonwealth v. Miller*, 490 Pa. 457, 469, 417 A.2d 128, 134 (1980), *cert. den.* 449 U.S. 1113, 101 S.Ct. 924, 66 L.Ed.2d 842 (1981); *Commonwealth v. Batty*, 482 Pa. 173, 177, 393 A.2d 435, 437 (1978).

*Commonwealth v. Dennis*, 313 Pa.Superior Ct. 415, 422 n. 4, 460 A.2d 255, 259 n. 4 (1983); *see generally, Commonwealth v. Frederick*, 327 Pa.Superior Ct. 199, 213, 475 A.2d

754, 761 (1984) (The test for admissibility of blood stained clothing as demonstrative evidence is same as that for photographs.) On appeal, this court must determine whether the lower court abused its discretion in applying this test to the facts.

■ We find, based on the facts of this case, that the lower court did err in admitting the 911 tape into evidence. However, we also find that error to have been harmless beyond a reasonable doubt.

There can be no doubt that hearing the reproduced sounds of a murdered wife and her children at the time of the shooting would inflame the minds and passions of the jury. We must thus determine whether the inflammatory nature of the evidence outweighed the evidentiary value of the tape recording. In this case the recording was merely cumulative evidence added to the Commonwealth's overwhelming evidence of appellant's guilt. There is no question that appellant shot his wife. He admitted as much. He claimed, however, that he did not have the requisite intent to commit first degree murder, i.e. premeditation, but rather that he acted in the heat of passion and was therefore guilty only of third degree murder. Contrary to appellant's defense, the Commonwealth's evidence showed that appellant prepared for the murder by borrowing the weapon he used earlier on the day in question, waited outside of his wife's residence, entered and shot her three times in vital areas of her body.

The Commonwealth's case, without the tape recording, was more than sufficient to support a conviction for first degree murder. Further, the tape recorded evidence of screams did not supplement the Commonwealth's case by providing evidence of appellant's state of mind.

Although the recorded evidence was erroneously admitted, the record establishes beyond a reasonable doubt that the error did not contribute to the verdict and hence was harmless. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

The doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt. Its purpose is premised on the well-settled proposition that "[a] defendant is entitled to a fair trial but not a perfect one." *Commonwealth v. Thornton*, 494 Pa. 260, 266, 431 A.2d 248, 251 (1981), *citing Lutwak v. United States*, 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593 (1953).

■ The undisputed facts as previously related provide overwhelming evidence of an intentional killing. Murder of the first degree is an "intentional killing," 18 Pa.C.S.A. § 2502(a), one that is "willful, deliberate and premeditated." 18 Pa.C.S.A. § 2502(d). It is well-settled that "the use of a *gun* on a vital part of the deceased's body *raises the presumption* that the defendant shot with the intent to kill the deceased." *Commonwealth v. Ewing*, 439 Pa. 88, 92, 264 A.2d 661, 663 (1970) (emphasis in original). The appellant's preparation, lying in wait and entering the house with a loaded weapon are events which, even individually considered, are evidence of premeditation and, taken together, are overwhelming proof of appellant's intent to take the life of his estranged wife.

The only evidence to support appellant's theory of "heat of passion" was his own self-serving testimony that he shot his wife after she started "screaming and hollering." Given the overwhelming evidence of an intentional killing as compared to the weak nature of appellant's claims, we find the admission of the 911 tape recording to have been harmless beyond a reasonable doubt.

■ Appellant also claims that trial counsel was ineffective for failing to object to the admission of the tape recording on the basis that its enhancement[1] by a techni-

---

**1.** At trial, the parties stipulated that the technician who enhanced the original recording would testify as follows:

"From this copy, he then utilized studio tone enhancement and noise reduction equipment to produce an enhanced copy. This

cian rendered the tape incompetent as evidence. Appellant produced no evidence to explain how or why the enhancement altered the evidentiary value of the tape. During a post-trial evidentiary hearing, appellant's trial counsel explained that he didn't object to the recording on this basis because the difference between the original and the enhancement was so miniscule that it would not support such a claim. It is beyond cavil that counsel will not be deemed ineffective for failing to raise a futile claim, *Commonwealth v. Davis*, 313 Pa.Superior Ct. 355, 459 A.2d 1267 (1983). We find no error here.

As part of its case in chief, the Commonwealth called the victim's attorney to present evidence of a filing of a protection from abuse petition by the victim against appellant. Appellant here alleges that trial counsel was ineffective for failing to object to the introduction of such evidence.

■ The evidence of the protection from abuse action was presented to establish that the shooting on April 16, 1983 was intentional. Our Supreme Court has stated that evidence of prior occurrences involving the accused and decedent may be admissible only if it is related to the offense for which the accused is on trial. *Commonwealth v. Ulatoski*, 472 Pa. 53, 62, 371 A.2d 186, 191 (1977). By showing a history of violence between the accused and the victim, the evidence presented clearly related to the offense for which appellant was convicted and, therefore, was properly admitted. *See Commonwealth v. Ulatoski, id.; Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979).

Next, appellant contends that at the time of the shooting, he was under the influence of alcohol to a degree which would negate the element of intent required to sustain a conviction for first degree murder. On appeal, he argues that "the Commonwealth presented insufficient evidence to

> enhancement was accomplished by bringing out articulation of foreground and background speech or noise and by giving speech and noise even volume throughout the tape. The purpose of the enhancement was to increase the tonal quality of the recording. And at no time was there any splicing, dubbing or editing of the tape so as to alter the content."

negate the evidence of involuntary intoxication which reduces murder in the first degree to murder in the third degree." He also contends that trial counsel was ineffective for failing to object to the court's jury instructions on this issue.

 For intoxication to reduce murder from a higher to a lower degree, it must be proven by the appellant that he was overwhelmed by alcohol to the point of losing his faculties and sensibilities. *Commonwealth v. Reiff*, 489 Pa. 12, 413 A.2d 672 (1980). The Commonwealth's burden to prove specific intent is neither increased nor diminished by an attempt of a defendant to disprove the element of intent due to intoxication. *See Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975). The Commonwealth may offer any relevant evidentiary response to defense evidence of intoxication, or none whatsoever. *See Commonwealth v. Fairell*, 476 Pa. 128, 134, 381 A.2d 1258, 1261 (1977). The Commonwealth may rely on testimony of the surrounding circumstances to prove its case. The Commonwealth is not required to disprove appellant's claim of intoxication.

 The only evidence which related to appellant's intoxication was the fact that at 2:30 a.m. on the morning of the homicide, his blood alcohol level was measured at .13 and at 4:34 that same morning, it was .10. The appellant told the police he drank four or five cans of beer prior to killing his wife. At trial, appellant did not testify that he was overwhelmed by the effect of alcohol at the time of the shooting.

Three officers interviewed appellant after he was arrested. The arresting officer testified that he smelled alcohol on appellant's breath but that appellant appeared as if he knew what was going on, was cooperative and was able to follow instructions. The other officers stated that appellant was calm, well composed, had good speech and coordination and was able to follow instructions. The above stated evidence was submitted for the consideration of the jury. This evidence is sufficient to support the Commonwealth's

burden of proving the requisite intent beyond a reasonable doubt.

Appellant further contends that trial counsel was ineffective for failing to object to the accuracy of the court's charge on voluntary intoxication as a defense. He argues that the court should have used the exact language of the Pennsylvania Suggested Jury instructions in its charge. As the Commonwealth correctly points out, it is well-founded that the court is not required to utilize the language of a specific point for charge, but is free to select any appropriate form of expression. The only question is whether the area is adequately, accurately and clearly presented to the jury for its consideration. *Commonwealth v. Bryant*, 316 Pa.Superior Ct. 46, 53 n. 2, 462 A.2d 785, 789 n. 2 (1983); *Commonwealth v. Lesher*, 473 Pa. 141, 373 A.2d 1088 (1977).

■ In determining the adequacy of the instructions to the jury on the relevant legal principles, the charge must be read as a whole. *Commonwealth v. Bishop*, 472 Pa. 485, 490, 372 A.2d 794, 796 (1977). In the instant case, the court read to the jury the exact language of Section 308 of the Crimes Code and then went on to explain to the jury in more detail what this section means. This specific instruction when considered with the court's definition of a specific intent to kill and its instruction that the Commonwealth always has the burden of proving each and every element of the offense beyond a reasonable doubt adequately covers the law in the area. Therefore, trial counsel was not ineffective for failing to object to the court's charge.

After the close of testimony, trial counsel submitted points for charge to the court. The court refused to read appellant's point for charge number 7 which referred to evidence of good character and its affect in a criminal trial. The court based this ruling on the belief that it had adequately covered the evidence of good character.

The court's charge was as follows:

The defense has also offered evidence tending to prove that the defendant is a person of good character. And I am speaking about that—the defense witnesses who were called to testify that he had a good reputation for honesty, for truthfulness, for peaceableness and for being a lawabiding citizen.

The law recognized that a person of good character is not likely to commit a crime which is contrary to his nature. Evidence of good character may in itself raise a reasonable doubt of guilt and justify a verdict of not guilty. You must weigh and consider the evidence of good character along with the other evidence in the case. If, after all the evidence you have a reasonable doubt of the defendant's guilt, you must find him not guilty. However, if, in all the evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should return such a verdict.

The point for charge which trial counsel submitted was:

Defendant has introduced evidence of his reputation for truthfulness, peacefulness, and being a lawabiding citizen in the community. Evidence of good character, produced on behalf of the defendant in a trial is substantive evidence to be weighed and considered by the jury in connection with all other evidence of the case. If the evidence of good character, combined with all the other evidence in the case creates reasonable doubt of the defendant's guilt in the mind of the jury then the defendant should be acquitted.

Such evidence of good character produced in behalf of the defendant in a trial is offered not simply to raise a reasonable doubt as to the defendant's guilt but to establish in the minds of the jury the innocence of the defendant and it is to be regarded like a fact, like any other fact, tending to establish the innocence of the defendant and must be so regarded by the jury. Such evidence does not raise a distinct issue and is not brought to the case as a mere make weight. It must be taken into account with all the other evidence in the case, and if the whole of the

evidence is sufficient in the judgment of the jury to show that the defendant is not guilty or to create a reasonable doubt on the point, the defendant must be acquitted. In support of this request trial counsel cited *Commonwealth v. Stoner*, 65 Pa. 139, 108 A. 624 (1919).

■ Contrary to appellant's suggestion, we do not find the instructions actually given were inadequate because it did not state that character evidence is "substantive" evidence. The given instructions clearly allowed the jury to weigh the character evidence in its determination of whether the Commonwealth carried its burden of proof. We find no error here.

■ Appellant contends that his trial counsel was ineffective in failing to move to suppress his statements because of what he claims to be an unlawful stop and arrest. The record in this matter clearly shows that the arresting officer had probable cause to stop the vehicle driven by appellant and subsequently arrest him. At approximately 3:15 a.m. on April 16, 1983, Officer Echternach, the arresting officer, observed appellant's vehicle run a red light in the Borough of Strasburg. He immediately activated the lights on his police cruiser and stopped appellant's vehicle. Approximately 35 minutes prior to this stop, at 2:40 a.m., Officer Echternach received information over Lancaster County Radio that there had been a shooting incident in southern Lancaster County and that a green pick-up truck was involved in that incident. At first, the officer only noticed the white bed of this truck and it was not until he approached the green cab that he realized that this vehicle matched the description earlier broadcast. When the officer confronted the lone occupant of this pick-up truck, appellant responded by saying "you might as well just follow me to the barracks or police station" and "I believe you're looking for me" or something to that affect, according to the officer. Officer Echternach immediately inquired as to where the weapon was and appellant told him that he had gotten rid of it. Officer Echternach asked appellant to step out of the vehicle, handcuffed him and advised him of

his *Miranda* rights. Appellant immediately admitted to Officer Echternach that he had shot his wife three (3) times.

The test for probable cause to arrest is "whether there were facts available at the time of the initial apprehension which would justify a person of reasonable caution to believe that a crime had been committed and that the individual arrested was the probable perpetrator." *Commonwealth v. Jones*, 457 Pa. 423, 428, 322 A.2d 119, 123 (1974). It is clear that all that is required to meet the probable cause standard is the probability and not a *prima facie* showing of criminal activity. *Commonwealth v. Vessells*, 273 Pa.Superior Ct. 100, 416 A.2d 1108 (1979). It is equally clear that a police officer may rely upon information received over a police radio. *Commonwealth v. Prengle*, 293 Pa.Superior Ct. 64, 437 A.2d 992 (1981).

Office Echternach knew that approximately 35 minutes earlier there had been a shooting involving a green pick-up truck in a nearby town. Appellant immediately stated that the officer might as well follow him to the police station, admitted that he was the one they were looking for and stated that he had gotten rid of his weapon, all before he had even gotten out of the truck. These facts clearly gave Officer Echternach probable cause to take appellant into custody and arrest him at that time. Immediately after being advised of his *Miranda* warnings and being placed in the police cruiser, appellant admitted that he had shot his wife three times. We find no merit to appellant's claim that these statements should have been excluded.

■ Appellant also claims that trial counsel was ineffective for failing to raise the adequacy of his *Miranda* rights and the explicit waiver of those rights. These claims are meritless. Officer Echternach testified that he asked appellant whether he understood the rights and appellant responded yes. He asked whether appellant wanted to talk and appellant shrugged his shoulders and then related how he had just shot his wife. Although our courts have held that an explicit waiver of the right to remain silent is a mandatory requirement, *Commonwealth v. Bussey*, 486 Pa.

221, 404 A.2d 1309 (1979), an explicit waiver is any outward manifestation of waiver such as an oral, written or physical manifestation. *Id.* The record clearly indicates that appellant understood his *Miranda* rights and explicitly waived them prior to making any statements.[2] All other permutations of the *Miranda* issue asserted by appellant are equally without merit.

Judgment of sentence affirmed.

2. We find the remaining issues raised by appellant to be meritless and not worthy of further discussion.