J-S30035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVINE AHIEM, | : | |
| | : | |
| Appellant | : | No. 58 EDA 2018 |

Appeal from the PCRA Order December 15, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006822-2016,
CP-51-CR-0006825-2016, CP-51-CR-00068282016

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 25, 2019**

Davine Ahiem ("Ahiem"), *pro se*, appeals from the Order dismissing his

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

The PCRA court summarized the relevant facts underlying Ahiem's

conviction as follows:

> Each of the three above-captioned cases relate to [Ahiem's] arrest[,] on May 20, 2016[,] following reports and [an] investigation that he had actively participated, along with two co-defendants[,] Curtis Tucker and Kenneth Wilson, in the concerted[,] planned attack[,] and vehicle pursuit along residential streets in Northeast Philadelphia[,] of three people, including two children, by shooting [at them] with multiple weapons, including one military-style deadly firearm….

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

PCRA Court Opinion, 11/8/18, at 1.

Pursuant to a plea agreement, Ahiem pled guilty, at three docket numbers[,] to three counts of aggravated assault and criminal conspiracy,[2] and one count each of possession of an instrument of crime and persons not to possess, use, manufacture, control, sell or transfer firearms ("the firearms offense").[3] In accordance with the plea agreement, the trial court sentenced Ahiem to an aggregate prison term of 15 to 30 years.[4] Ahiem filed no post-sentence motions or direct appeals from his judgments of sentence.

On August 25, 2017, Ahiem filed a *pro se* PCRA Petition with regard to the sentences imposed at each of the three docketed cases. The PCRA court appointed counsel, who subsequently filed a Motion to Withdraw from representation, and No-Merit Letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 Notice of intent to dismiss Ahiem's Petition without a hearing. Ahiem filed no response to the Rule 907 Notice. On December 4, 2017, the PCRA court entered an Order granting counsel's Motion to Withdraw

---

[2] It appears from the docket that two of the three conspiracy convictions subsequently were *nolle prossed* by the Commonwealth.

[3] 18 Pa.C.S.A. §§ 2702, 903, 907, 6105.

[4] A number of charges were *nolle prossed* in accordance with the agreement.

and dismissing Ahiem's PCRA Petition. On December 7, 2017, Ahiem filed a *pro se* Notice of Appeal.[5]

On April 10, 2018, this Court entered an Order directing Ahiem to file an amended notice of appeal, within 10 days, identifying the date of the Order at issue on appeal. Ahiem has not filed an amended notice of appeal.

As our Supreme Court has explained,

[i]n the event of a defective notice of appeal, [Pa.R.A.P.] 902 encourages, though it does not require, appellate courts to remand the matter to the lower court so that the procedural defect may be remedied. As the note following Rule 902 explains, the rule creates a preference for correcting procedurally defective, albeit timely, notices of appeal[,] so that appellate courts may reach the merits of timely appeals. ***See*** Pa.R.A.P. 902, Note. The note further indicates that dismissal of a defective appeal remains an alternative where the appellate court determines that an appellant has failed to take the necessary steps to correct an identified defect.

***Commonwealth v. Williams***, 106 A.3d 583, 587-88 (Pa. 2014). Although Ahiem has not complied with this Court's Order to cure the defect, we decline to quash or dismiss his appeal, as his misstep does not prejudice the Commonwealth or impede our review.

Ahiem presents the following claims for our review:

_____

[5] Ahiem filed his single Notice of Appeal prior to June 1, 2018, and accordingly, the Pennsylvania Supreme Court's holding in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), does not apply. ***See id.*** at 977 (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed[,]" effective for appeals filed after June 1, 2018).

A. Did the trial court violate [section] 303.1(a) of the Sentencing Guidelines[, 24 Pa. Code § 303.1(a)]?

B. Did the trial court violate [section] 303.1(d) of the Sentencing Guidelines[, *id.* § 303.1(d)]?

C. Did the trial court violate [section] 303.5(b) of the Sentencing Guidelines, [*id.* § 303.5(b)]?

D. Did the trial court violate [section] 303.8(d)(2) of the Sentencing Guidelines[, *id.* § 303.8(d)(2)]?

E. Did the trial court violate [section] 303.8(f)(3) of the Sentencing Guidelines[, *id.* § 303.8(f)(3)]?

F. Did the trial court violate [section] 303[.8](g)(2) of the Sentencing Guidelines[, *id.* § 303.8(g)(2)]?

G. Did [] PCRA counsel fail to meet the requirement[s] of *Turner*/*Finley*?

H. Did the PCRA court err in accepting PCRA counsel's "No[-]Merit" [L]etter?

I. Did [the PCRA court] fail [*sic*] in dismissing [the Petition] for not meeting [the] requirements under 42 Pa.C.S.A. § 9543?

J. Did [PCRA] counsel fail to investigate, raise, and address all of the issues presented in the *pro se* PCRA Petition?

K. Did [the] trial court abuse its discretion by convicting [Ahiem] of 18 Pa.C.S.A. § 6105(a)(1)?

L. Did [the] trial court miscalculate [Ahiem's] New Jersey prior convictions?

Brief for Appellant at ii-iv (unnumbered) (footnote added).

Initially, we observe our standard of review:

We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error. When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we

- 4 -

apply a *de novo* standard of review to the PCRA court's legal conclusions. We must review the PCRA court's findings and the evidence of record in a light most favorable to the Commonwealth as the winner at the trial level.

*Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018).

Ahiem first claims that the trial court violated section 303.8[6] of the Sentencing Guidelines, 24 Pa. Code § 303.8. Brief for Appellant at 1. According to Ahiem, his prior convictions in New Jersey were not properly scored, "resulting in a miscalculation of his prior record score." *Id.* Ahiem challenges the grading of his firearms offense as a felony, arguing that the trial court erred by concluding that his prior conviction for violating N.J. Stat. Ann. § 2C:12-1(b)(3) ("the New Jersey Statute") is not a felony, for the purpose of grading of the firearms offense. Brief for Appellant at 2. Ahiem directs our attention to our Supreme Court's holding in *Commonwealth v. Chapman*, 136 A.3d 126 (Pa. 2016), which held that a violation of the New Jersey Statute did not constitute a felony for purposes of sentencing under

_____

[6] Although Ahiem's Statement of Questions Presented identified section 303.1(a) of the Sentencing Guidelines as the basis for his first claim, he focuses on section 303.8 in the Argument section of his brief.

section 106 of the Crimes Code.[7]  *Id.* at 133-34.

In its Opinion, the PCRA court addressed this issue, which formed the basis of a claim of ineffective assistance of counsel, and concluded that it lacks merit.  *See* PCRA Court Opinion, 11/8/18, at 11-12.  We affirm based on the PCRA court's Opinion with regard to this claim.  *See id.*

Additionally, we observe that Ahiem's New Jersey conviction of distributing a controlled substance on school property, N.J.C. 2C § 35-7, is sufficient to support the grading of the firearms offense as a felony of the second degree.  In particular, the elements of the New Jersey offense are sufficient to establish the Pennsylvania crime of possession of a controlled substance with the intent to deliver, pursuant to 35 P.S. § 780-113(a)(30). That the New Jersey offense includes an additional element, *i.e.*, that the offense take place on school property, does not negate its applicability.

Ahiem's second through sixth claims challenge the discretionary aspects of his sentence.[8]   The PCRA does not provide an appellant relief for discretionary aspects of sentence claims.  *See Commonwealth v. Fowler*,

---

[7] Section 106 of the Crimes Code provides that offenses that are not specifically denominated felonies or misdemeanors in the Crimes Code, but which carry maximum sentences of five years or less, are classified as misdemeanors; whereas, crimes not specifically denominated felonies or misdemeanors in the Crimes Code, but which carry maximum sentences of more than five years, are classified as felonies.  **See** 18 Pa.C.S.A. § 106(b) (4), (6).

[8] Ahiem presents these claims together in the Argument section of his brief.

930 A.2d 586, 593 (Pa. Super. 2007) (explaining that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA.") (citations omitted); *see also Commonwealth v. Jordan*, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of the PCRA."); 42 Pa.C.S.A. § 9543(a)(2).

Even if Ahiem could challenge the discretionary aspects of his sentence on collateral review, he still would not be entitled to relief. This Court has declared that,

> [w]here the plea agreement contains a negotiated sentence[,] which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process….

*Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (internal citations, quotation marks and footnote omitted). *Accord Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015) (holding that a challenge to the discretionary aspects of a negotiated sentence is unreviewable). Having entered a negotiated guilty plea, and having received

the negotiated sentence, Ahiem cannot now challenge the discretionary aspects of his sentence. **See Reichle**, 589 A.2d at 1141.

In his seventh claim, Ahiem argues that the PCRA court improperly permitted his counsel to withdraw pursuant to **Turner**/**Finley**. Brief for Appellant at 8. Ahiem asserts that the PCRA court failed to conduct its own independent review of the record, and ignored errors by his counsel. **Id.** at 9-10. Ahiem also argues that he raised additional issues in his *pro se* PCRA Petition, which counsel and the PCRA court failed to address. **Id.** According to Ahiem, counsel failed to argue or address his claim of a violation of **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 570 U.S. 99 (2013).

Similarly, in his eighth claim, Ahiem argues that the PCRA court improperly accepted PCRA counsel's No-Merit Letter. Brief for Appellant at 11. Ahiem argues that several of the issues in the No-Merit Letter were incorrect. **Id.** Once again, Ahiem challenges the discretionary aspects of his sentence, and that his plea was invalid based upon these sentencing issues. **Id.** at 12.

In his ninth claim, Ahiem argues that the PCRA court improperly dismissed his Petition, concluding that Ahiem had failed to meet the requirements of 42 Pa.C.S.A. § 9543. **Id.** at 4.

Our review discloses that, in its Opinion, the PCRA court addressed the claims addressed in counsel's Motion to Withdraw. **See** PCRA Court Opinion,

11/8/18, at 13. In addition, the PCRA court observed that Ahiem "failed to articulate any allegations[,] within his [P]etition[,] in accordance with the requisites of a claim predicated upon counsel's ineffectiveness. None of the claims within the [P]etition indicted the truth-determining process; nor did any allege that a determination as to guilt or innocence could not be made." *Id.* at 13. Thus, the PCRA court, in fact, properly conducted its own independent review and determined that the claims raised in the Petition lacked merit and were frivolous. *See id.* Accordingly, we cannot grant Ahiem relief on any of these claims.

In his tenth claim, Ahiem contends that his PCRA counsel rendered ineffective assistance by concluding that Ahiem had failed to meet the requirements for relief under the PCRA. Brief for Appellant at 13. Underlying this assertion is Ahiem's claim that his plea counsel failed to investigate and ascertain the evidence that the Commonwealth would use at sentencing. *Id.* at 14.

Generally, "when counsel files a *Turner*/*Finley* no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss." *Commonwealth v. Ford*, 44 A.3d 1190, 1198 (Pa. Super. 2012). "Once [an appellant has] filed a notice of appeal, he [has] waived his right to complain about PCRA counsel's stewardship, because [the appellant is] unable to raise those claims for the first time in his Rule 1925(b) statement."

***Commonwealth v. Smith***, 121 A.3d 1049, 1055 (Pa. Super. 2015). Thus, any claims of ineffective assistance of PCRA counsel are waived. ***See id.***

In his eleventh and twelfth claims, Ahiem argues that the trial court improperly convicted him of the firearms offense, and improperly calculated his prior record score for that offense. Brief for Appellant at 22-23. Once again, Ahiem challenges the application of his violation of the New Jersey Statute as the basis for establishing the firearms offense as a felony. ***Id.*** at 23. For the reasons discussed *supra*, Ahiem is not entitled to relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/19

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION**

| | | |
|---|---|---|
| **COMMONWEALTH OF** | : | **CP-51-CR-0006822-2016** |
| **PENNSYLVANIA** | : | **CP-51-CR-0006828-2016** |
| | : | **CP-51-CR-0006825-2016** |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **SUPERIOR COURT** |
| **DAVINE AHIEM** | : | **NO. 58 EDA 2018** |

CP-51-CR-0006822-2016 Comm. v. AHIEM, DAVINE
Opinion

8187561281

**OPINION**

**FILED**

NOV 0 8 2018

COYLE, J.

Appeals/Post Trial
Office of Judicial Records

**NOVEMBER 8, 2018**

Appellant, Davine Ahiem, filed a *pro se* appeal from the Order entered by this Court, the Honorable Anne Marie B. Coyle Judge of the Court of Common Pleas for the First Judicial District of Pennsylvania on January 18, 2018, dismissing his petition which sought relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* in the above-captioned matters.

## I. FACTUAL HISTORY

Each of the three above-captioned cases relate to the Appellant's arrest on May 20, 2016 following reports and investigation that he had actively participated, along with two co-defendants Curtis Tucker and Kenneth Wilson, in the concerted planned attack and vehicle pursuit along residential streets in Northeast Philadelphia of three people, including two children, by shooting with multiple weapons, including one military style deadly firearm, at three people.

## II. PROCEDURAL HISTORY

On March 27, 2017, Davine Ahiem appeared before this Court with the assistance of capable trial counsel Marni Jo Snyder, Esquire, and tendered guilty pleas pursuant to expressed negotiations with the assigned Assistant District Attorney Michael Luongo, Esquire representing the Commonwealth of Pennsylvania to specified indicted criminal offenses docketed as follows:

CP-51-CR-0006822-2016:
      Count 1:  18 §2702 §§A1-Aggravated Assault F1;
      Count 2:  18 §903- Conspiracy-Aggravated Assault F1;
      Count 5:  18 §907- Possession Criminal Instrument M1;
      Count 8:  18 §6105§§A1- Possession of Firearm Prohibited F2;
CP-51-CR-0006825-2016:
      Count 1:  18 §2702 §§A1-Aggravated Assault F1;
      Count 2:  18 §903- Conspiracy-Aggravated Assault F1;
CP-51-CR-0006828-2016:
      Count 1:  18 §2702 §§A1-Aggravated Assault F1;
      Count 3:  18 §903- Conspiracy-Aggravated Assault F1;

Following the full execution, submission and review of three respective written colloquy forms into the transcribed record by counsel for both parties and Appellant, this Court conducted an extensive recorded oral colloquy. After Appellant unequivocally demonstrated that the proffered guilty pleas were tendered knowingly, voluntarily and intelligently, this Court imposed the negotiated sentence.

The negotiated sentence for all three cases totaled an aggregate sentence under state supervision of a fifteen (15) years minimum period of confinement to a maximum period of thirty (30) years of confinement. Rehabilitative conditions were imposed and a number of criminal charges were *nolle prossed* pursuant to the previous negotiations. On March 28, 2018, Amended Sentencing Orders were entered to correct scriveners' errors for cases docketed under CP-51-CR-0006825-2016 and CP-51-CR-0006828-2016. No post-sentence motions or direct appeal were filed. Thus the judgement of sentences became final on June 2, 2017.

2

On August 25, 2017, Davine Aheim, filed *pro se* Petitions as to each of the three above-captioned cases, pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §9541 *et seq.* (hereinafter referred to as "PCRA."), seeking relief by generally asserting: that his trial and sentencing counsel had been ineffective; that tendered guilty pleas had been unlawfully induced; and that the imposition of the respective sentences had been greater than the maximum periods lawfully permitted. The forms of relief requested included a release from custody and discharge of his cases; correction and imposition of sentence no less than six (6) years to no more than twelve (12) years of incarceration. James Lloyd, III, Esquire was appointed to represent Appellant

James R. Lloyd, III, Esquire was appointed as counsel on behalf of Appellant. Following an examination of the case, Mr. Lloyd filed a *Finley* letter, indicating that the issues raised by the Appellant were without merit and that there were no additional issues which could be raised in a counseled Amended Petition. After conducting a review of the record, this Court dismissed Appellant's motion on December 4, 2017.[1] Mr. Lloyd was permitted to withdraw as counsel, and Appellant filed a timely Notice of Appeal.

II. ISSUES

Appellant challenged this Court's ruling that the petitioned allegations of ineffective assistance of counsel, unlawfully induced guilty pleas, violations of the Constitution, illegally imposed sentences lacked merit.

---

[1] The dismissal occurred more than twenty days after Appellant was served with notice of the forthcoming dismissal of his PCRA petition. Pa. R. Crim. P. 907.

3

III. STANDARD OF REVIEW

It is well settled that upon entry of a guilty plea, a petitioner waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. Commonwealth v. Guth, 735 A.2d 709, 711 n.3 (Pa. Super. 1999).

In order to prevail on an ineffectiveness claim, a petitioner must establish that his claim is of arguable merit, that counsel had no reasonable basis for his action, and that counsel's action prejudiced him. Commonwealth v. Pierce, 515 Pa. 153, 158, 527 A.2d 973, 975 (1987). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused petitioner to enter an involuntary or unknowing plea. Commonwealth v. Allen, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999).

When petitioning the court to withdraw a plea, a petitioner must show prejudice amounting to "manifest injustice." Commonwealth v. Carpenter, 555 Pa. 434, 725 A.2d 154,164 (1999). Manifest injustice requires a showing that the plea was involuntary, or was entered without knowledge of the charges, the right to a jury trial, and awareness of the consequences of the plea. Commonwealth v. Muhammad, 794 A.2d 378, 383 (Pa. Super. 2002). Where the record demonstrates that a guilty plea colloquy informed the petitioner of the nature of the charges against him, the voluntariness of the plea is established. A petitioner is bound by the statements of his plea, and he may not assert grounds for withdrawing the plea that contradict those statements. Commonwealth v. Stork, 737 A.2d 789, 790-91 (Pa. Super. 1999).

Review of guilty pleas under the Post-Conviction Relief Act is commensurately circumscribed, explicitly permitting such a challenge only where the plea is "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty

4

and the petitioner is innocent." *See* 42 Pa.C.S. § 9543(a)(2)(iii).

## IV. DISCUSSION

The purpose of the Post-Conviction Relief Act is to afford collateral relief to those individuals convicted of crimes they did not commit and to those serving illegal sentences. 42 Pa.C.S. § 9542. Claims pursuant to the Post Conviction Relief Act are extraordinary assertions that the judicial system failed; they are not merely direct appeal claims that are made at a later stage of the judicial proceedings. Commonwealth v. Rivers, 567 Pa. 239, 249, 786 A.2d 923, 929 (2001).

In his petition, Appellant alleged that counsel was ineffective for failing to object to the imposed sentences for various reasons. In determining whether counsel rendered ineffective assistance, the court must use a three-pronged test. First, the court must ascertain whether the issue underlying the claim has arguable merit. This requirement is based upon the principle that counsel will not be found ineffective for failing to pursue a frivolous claim or strategy. Second, if the petitioner's claim does have arguable merit, the court must determine whether the course chosen by counsel had some reasonable basis designed to serve the best interest of the petitioner. Finally, if a review of the record reveals that counsel was ineffective, the court must determine whether the petitioner has demonstrated that counsel's ineffectiveness worked to his prejudice. Commonwealth v. Breisch, 719 A.2d 352 (Pa. Super. 1998); Commonwealth v. Pendola, 416 Pa. Super. 568, 611 A.2d 761 (1992), *appeal denied*, 629 A.2d 1378 (Pa. 1993). Failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. Commonwealth v. Hudson, 820 A.2d 720, 726 (Pa. Super. 2003).

In order to establish prejudice, a petitioner must show that counsel's ineffectiveness was

5

of such magnitude that the verdict essentially would have been different absent the ineffective assistance. Commonwealth v. Howard, 538 Pa. 86, 645 A.2d 1300, 1308 (1994). *See also* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In the context of a PCRA claim, petitioner must not only establish ineffective assistance of counsel, he must also plead and prove that counsel's stewardship so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S.A. §9543 (a)(2)(ii); Commonwealth v. Buehl, 540 Pa. 493, 658 A.2d 771 (1995); Commonwealth v. Rowe, 411 Pa. Super. 363, 601 A.2d 833 (1992).

Counsel is never ineffective for failing to make a frivolous objection or motion. Commonwealth v. Groff, 356 Pa. Super. 477, 514 A.2d 1382, 1386 (1986), *appeal denied*, 531 A.2d 428 (Pa. 1987); Commonwealth v. Davis, 313 Pa. Super. 355, 459 A.2d 1267, 1271 (1983). Similarly, counsel is never ineffective for failing to raise a frivolous issue in post-verdict motions or on appeal. Commonwealth v. Thuy, 424 Pa. Super. 482, 623 A.2d 327, 355 (1993); Commonwealth v. Tanner, 410 Pa. Super. 398, 600 A.2d 201, 206 (1991).

The law presumes that trial counsel was effective. Commonwealth v. Quier, 366 Pa. Super. 275, 531 A.2d 8, 9 (1987); Commonwealth v. Norris, 305 Pa. Super. 206, 451 A.2d 494, 496 (1982). Therefore, when a claim of ineffective assistance of counsel is made, it is the petitioner's burden to prove such ineffectiveness; that burden does not shift. Commonwealth v. Cross, 535 Pa. 38, 634 A.2d 173, 175 (1993), *cert. denied*, 115 S.Ct. 109, 130 L.Ed.2d 56 (Pa. 1994); Commonwealth v. Marchesano, 519 Pa. 1, 544 A.2d 1333, 1335-36 (1988); Commonwealth v. Tavares, 382 Pa. Super. 317, 555 A.2d 199, 210 (1989), *appeal denied*, 571 A.2d 382 (Pa. 1989).

For an action or inaction by counsel to be considered prejudicial, there must be a

6

reasonable probability that the outcome of the proceedings would have been different but for counsel's alleged error. Commonwealth v. Cox, 581 Pa. 107, 863 A.2d 536, 546 (Pa. 2004); Commonwealth v. Johnson, 572 Pa. 283, 815 A.2d 563, 573-74 (Pa. 2002). All three prongs of the above test must be satisfied. If a petitioner fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel. Commonwealth v. Pappas, 2004 PA Super 32, 845 A.2d 829, 844 (Pa. Super. 2004). Appellant failed to meet any prongs of this test within his *pro se* Petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §9541 *et seq.*

### A. *Ineffective Assistance Claims Related to Failing to Raise Sentencing Objections*

Appellant's contentions that his trial counsel should have filed objections to the imposed sentence were founded upon the claim that he had been completely unaware of salient sentencing terms of the negotiations and similarly oblivious to the fact that the charged crimes for which he had entered guilty pleas included three counts of Aggravated Assault. More specifically, Mr. Ahiem alleged that he had never been advised that consecutive sentences were to be imposed that computed to an aggregate fifteen to thirty years period of confinement. The totality of circumstances presented within the transcribed record from the plea and sentencing proceedings, however, unequivocally demonstrate that Appellant had knowingly, intelligently and voluntarily entered the negotiated guilty pleas and is so doing knowingly waived any and all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. Commonwealth v. Guth, 735 A.2d 709, 711 n.3 (Pa. Super. 1999).

On March 27, 2017, following off the record discussions by and between the parties and their counsel, three fully completed and executed written guilty plea forms were presented to this

7

Court for review reflecting the detailed negotiations as it applied to each case and demonstrating Appellant's knowledge and voluntary intentions to plead guilty. Upon presentation, introduction of the written and signed colloquy forms and identification on the record of all negotiations, this Court conducted a thorough oral recorded examination of the Appellant who had been duly sworn to tell the truth.

During this colloquy, this Court formally advised Davine Ahiem of all rights and responsibilities that applied to the entry of the guilty pleas. All salient terms of the negotiations were reviewed again on the record. All aspects of the negotiations were duly identified and assessed. During the oral colloquy, the prosecutor orally recited the underlying facts that formed the basis for the charges at issue.

As a result, Appellant had been provided full and fair opportunity to amend, accept or deny the underlying facts that had been recited by the prosecution during this colloquy. Overall, Appellant had formally demonstrated in writing and orally that he understood and accepted the supporting facts. He similarly acknowledged his awareness of the precise negotiated terms including the consecutive sentences as well as the aggregate period of confinement as well as the voluntariness of his tendered pleas. Each of the general claims of ineffectiveness of counsel stemming from an asserted lack of knowledge or involuntariness or general illegality of proceedings had failed to meet any of the required elements to warrant relief.

## 1. Illegality of Sentence Claims

Appellant had asserted that counsel had been ineffective for failing to raise a merger, double jeopardy, or Pa.R.Cr.P. §110 objection to the negotiated sentences. Gleaned from these assertions was the misperception that the crime of Violation of the Uniform Firearms Act, 18 §6105§§A1- Possession of Firearm Prohibited Person, F2, had merged

8

with each of the three counts of 18 §2702 §§A1-Aggravated Assault, F1. The elements of each named offense however differed significantly. Each offense required proof of facts which the other did not. Thus, the offenses did not merge and likewise double jeopardy and Rule 110 could not have applied. Objections to the sentencing on those bases would have been denied and deemed frivolous. Thus, counsel could not have been ineffective for failing to make a frivolous objection or motion. Commonwealth v. Groff, 356 Pa. Super. 477, 514 A.2d 1382, 1386 (1986), *appeal denied*, 531 A.2d 428 (Pa. 1987); Commonwealth v. Davis, 313 Pa. Super. 355, 459 A.2d 1267, 1271 (1983).

Similarly, Appellant had claimed that the sentences had been illegally imposed as exceeding the maximum sentences permitted and consecutively imposed. A simple review of the Orders of Sentence reflect however that all negotiated periods of confinement were well within the statutory limits for each offense as graded. Secondarily, the consecutive periods were imposed pursuant to the expressed negotiations knowingly and voluntarily accepted by Appellant.

Moreover, pursuant to 42 Pa. C.S.A. § 9781(d)(1) and (3), this Court was well within its discretionary right to impose the sentences consecutively. The sentencing court's exercise of discretion by imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal in our Commonwealth. *Com. v. Marts*, 889 A.2d 608 (Pa. Super. 2005).

2. **Ineffectiveness of Counsel For Failure To Claim Violation of Miranda Rights**

Appellant had argued that this plea counsel had been ineffective for failing to raise a claim that his *Miranda* rights had been violated following arrest. The admitted facts presented by the prosecutor at the time of the proffer of the negotiated guilty pleas

9

included the signed waiver of his *Miranda* rights and resulting formal statement given to investigating officers following his arrest. Mr. Ahiem had claimed to investigators that he had fired number of shots indiscriminately into the air for no apparent reason from his lone backseat passenger seat of the pursuing vehicle also occupied by the co-conspirators.

The transcribed record also reflected similar written waivers of Miranda rights had been executed by the charged co-conspirators followed by statements given by each one that implicated Davine Ahiem. The recited DNA evidence linked Appellant to at least one, if not two, of the recovered military style and revolver firearms previously fired from the pursuing vehicle. Appellant acknowledged the supporting facts and raised no complaint concerning any Miranda violation when he tendered the guilty pleas. He acknowledged his waiver of Miranda rights by accepting the supporting facts as read into the record.

Furthermore, by knowingly, voluntarily and intelligently proffering the guilty pleas petitioner waived all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. Commonwealth v. Guth, 735 A.2d 709, 711 n.3 (Pa. Super. 1999).

Additionally, as succinctly stated within Mr. Lloyd's *Finley* review of the record:

> "With respect to the claim that petitioner's statement to police should have been suppressed as violative of his *Miranda* rights, the claim fails all three prongs. Attached as Exhibit 1 hereto is petitioner's written, signed waiver of his *Miranda* rights. Thus, a motion to suppress would have failed. Counsel did not employ poor strategy by opting not to litigate a wholly frivolous motion. Finally, had the proposed motion been litigated, a court applying controlling authority would have denied it based upon the record in the matters *sub judice*. Accordingly, petitioner suffered no prejudice by not litigating a frivolous motion.
>
> With respect to the next claim, undersigned counsel assumes

*arguendo* that plea counsel miscalculated the PRS in this matter due to the fact that petitioner's multiple prior convictions occurred in another state, thereby rendering it difficult to determine the appropriate corresponding offense in Pennsylvania for counsel. Even making these assumptions, the claim cannot prevail under the facts of this case. This is due to the fact that petitioner cannot not show by a preponderance of the evidence that he suffered prejudice."

### 3. Objection to Sufficiency of Evidence of Aggravated Assault.

Appellant's claim that his counsel had been ineffective for failing to raise sufficiency of evidence as it related to each of three counts of Aggravated Assault, depended upon the legally deficient notion that serious bodily injury must have resulted to the named complainant for the first degree felony grading and definition of Aggravated Assault under 18 §2702 §§A1 to be sustained. This is an incorrect perception of the law.

The statutory definition of Aggravated Assault pursuant to 18 §2702 §§A1, graded as a felony of first degree, includes the attempt to cause serious bodily injury as an alternative qualifying offense element. In this case, sufficient evidence supported Appellant's first degree felony convictions for Aggravated Assault under 18 §2702 §§A1. Thus trial counsel could not have been faulted for failing to raise this frivolous claim.

### 4. Sufficiency of 18 §6105§§A1- Possession of Firearm Prohibited Person, F2.

Appellant had argued that his counsel had been ineffective for failing to argue that the previous offenses for which he had been convicted in the State of New Jersey could not have qualified to support his conviction pursuant to Violation of the Uniform Firearms Act, 18 §6105§§A1- Possession of Firearm Prohibited Person, F2. The record however demonstrated that Davine Ahiem had been earlier adjudicated delinquent as a juvenile on December 6, 2004 in the State of New Jersey for Robbery. In addition, he had been convicted as an adult, also within the State of New Jersey, prior to the arrest in the instant

11

matters, for multiple offenses including: Obstruction of Administration of Law with an arrest date of 3/4/08 and conviction date of 4/14/08; Unlawful Possession of a Handgun with an arrest date of 5/19/08 and conviction date of 10/28/08; and for Distribution of a Controlled Dangerous substance on School Property with an arrest date of 5/28/08 and conviction date of 1/12/09. This criminal history was uncontradicted.

As to the illegal narcotics dealing conviction under New Jersey Code of Criminal Justice 2C § 35-7, this statute provided as follows in relevant part: "(a)    Any    person who violates subsection a. of N.J.S.2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall, except as provided in N.J.S.2C:35-12, be sentenced by the court to a term of imprisonment."

Thus, the New Jersey conviction for Appellant's illegal sales of narcotics within the school zone constituted an elemental equivalent to the enumerated qualifying offense of 35 P.S. § 780-113(a)(30)-Possession of Controlled Substance With Intent to Deliver, The conviction duly supported the second degree felony grading of Violation of the Uniform Firearms Offense, 18 Pa.C.S.A. § 6105§§A1-Possession of Firearm by Prohibited Person. Trial attorney had employed a reasonable alternative resolution to this issue with the negotiated guilty plea. No prejudice was demonstrated.

### B. *Cumulative Errors*

Finally, Appellant had argued that he was entitled to relief because of the cumulative

effect of various irrelevant errors. According to Appellant, these errors collectively and cumulatively denied Mr. Ahiem his rights to due process of law and his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Pennsylvania Constitution. A petitioner however cannot be prejudiced by non-existent errors. No number of failed claims may collectively attain merit if each could not do so individually. Commonwealth v. Williams, 615 A.2d 716, 722 (Pa. 1992); Commonwealth v. Ellis, 700 A.2d 948, 962 n6 (Pa. Super. 1997); Commonwealth v. Baez, 554 Pa. 66 (1998). No relief was due.

## V. CONCLUSION

A claim that does not show, nor even allege, that the truth-determining process was undermined or that a determination as to guilt or innocence could not be made, is not cognizable under the PCRA. 42 Pa.C.S. § 9543(a) (2). Appellant had failed to articulate any allegations within his petition in accordance with the requisites of a claim predicated upon counsel's ineffectiveness. None of the claims within the petition indicted the truth-determining process; nor did any allege that a determination as to guilt or innocence could not be made. Accordingly, for the foregoing reasons, the petition seeking post-conviction collateral relief was properly dismissed for lack of merit.

BY THE COURT:

ANNE MARIE B. COYLE, J.

13