J-S15015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LAVELL WYNDER | |
| Appellant | No. 306 EDA 2016 |

Appeal from the Judgment of Sentence November 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004528-2014

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED April 25, 2017**

Lavell Wynder appeals from the judgment of sentence of life imprisonment that the trial court imposed after a jury convicted him of first degree murder, possession of an instrument of crime ("PIC"), carrying a firearm without a license, and carrying a firearm in Philadelphia.  We affirm.

On March 22, 2013, at approximately 11:00 p.m., Appellant shot Aaron Cole five times outside of the 22nd Street Café, a small neighborhood bar in Philadelphia where both men had reveled earlier that night.  Mr. Cole died from his wounds two days later.  Appellant does not contest that he shot Mr. Cole in front of the bar, he simply challenges the weight and sufficiency of the Commonwealth's evidence regarding *mens rea*.

During the ensuing three-day jury trial, the Commonwealth presented a 12-minute video of the shooting compiled by Philadelphia Police Detective James Dunlap, a member of the police department's Digital Imaging Video Response Team ("DIVRT"). Detective Dunlap explained that he used computer software to splice the compilation from footage of three different video surveillance cameras. Two cameras overlooked the interior and exterior of the 22nd Street Café and the third camera was perched on the outside of the Duran Grocery on 1267 South 22nd Street. Detective Dunlap testified, "basically, there was a target that was identified [as Appellant] and we follow his movements from the 12 minutes leading up to the incident. So we are going to follow him from camera to camera." N.T., 11/3/15, at 69. Detective Duncan provided narrative testimony as the jury viewed the entire montage.[1]

The video begins with Appellant standing outside of the 22nd Street Café in a blue two-tone jacket, a knit cap, and dark pants. *Id*. at 71-72. He remained in front of the establishment for approximately one minute, before reentering the bar for another one-and-one-half minutes, and then returned to his post in front of the business. *Id*. at 72-74. He stayed positioned in front of the entrance for an additional eight minutes while bar patrons

---

[1] Portions of the video were replayed for subsequent witnesses, who testified about specific segments of the recording or still images.

arrived and departed. *Id*. 76-77. As Mr. Cole and Orondae Andrews exited the bar, Appellant approached them, and, following a brief exchange, Messrs. Cole and Andrews proceeded northbound on 22nd Street. *Id*. at 77-78. The trial court succinctly summarized the remaining events as follows:

> Appellant appears to retrieve an object (presumably a gun) from his waistband, extend his right arm in the direction of [Mr. Cole], and fire multiple shots, causing [Mr. Cole] to fall to the ground. Appellant then walks toward [Mr. Cole] and shoots him again. Muzzle flashes are clearly visible and can be seen coming from the right sleeve of Appellant's blue puffy jacket. [Mr.] Andrews flees the scene first, followed by Appellant a few seconds later.

Trial Court Opinion, 5/10/16, at 3 (citations omitted).

Additional witnesses testified about the ballistic evidence and medical evidence regarding cause of death and the location of the three bullet wounds to Mr. Cole's head and one each to his chest and back. Several police detectives detailed the subsequent investigation and Appellant's ultimate apprehension one year later. The Commonwealth also presented signed, written statements submitted to the Police Detectives by Kimberly Glover, Appellant's girlfriend, who had accompanied him to the bar on the night of the murder, and Lucille Wynder, Appellant's mother. Both of the women stated that Appellant had confessed to them that he killed Mr. Cole, and each woman's statement was admitted to impeach her respective in-court testimony that she never discussed the incident with Appellant. Similarly, Mr. Andrews submitted a statement that indicated he was familiar with Appellant and identified him as the assailant wearing the blue jacket in

- 3 -

the surveillance video. When Mr. Andrews proved to be an uncooperative witness during trial, the Commonwealth utilized his statement as impeachment evidence.

Appellant did not present a defense. The jury convicted him of first-degree murder, PIC, and two violations of the Uniform Firearms Act ("VUFA"). Immediately after the trial, the court imposed life imprisonment for murder and a concurrent term of three to six years incarceration for carrying a firearm without a license. No further penalty was imposed on PIC and the remaining VUFA violation. This timely appeal followed the denial of Appellant's post-sentence motion which challenged, *inter alia*, the weight of the evidence.

Appellant presents two questions for review:

I.    Is . . . Appellant entitled to an arrest of judgment on the charge of murder in the first degree where there was insufficient evidence to establish specific intent to kill or premeditation?

II.    Is . . . Appellant entitled to a new trial on the charges of murder in the first degree, and related charges where the greater weight of the evidence did not support the verdict in that the greater weight would not have supported a finding of specific intent to kill, nor premeditation?

Appellant's brief at 3.

Generally, "[o]ur standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond

- 4 -

a reasonable doubt." ***Commonwealth v. Love***, 896 A.2d 1276, 1283 (Pa. Super. 2006). The Commonwealth may satisfy its burden of proof based entirely on circumstantial evidence. ***Commonwealth v. Laird***, 988 A.2d 618, 624 (Pa. 2010). "[A]ny doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*).

The elements of first degree murder are as follows: "In order to sustain a finding of first degree murder, the evidence must establish that (1) a human being was unlawfully killed; (2) the person accused is responsible for the killing; and (3) the accused acted with malice and a specific intent to kill." ***Commonwealth v. Mitchell***, 902 A.2d 430, 444 (Pa. 2006); 18 Pa.C.S. § 2502(a). The crux of Appellant's first argument is that, while the Commonwealth's evidence established that he was responsible for killing Mr. Cole following a brief exchange on the street, the Commonwealth failed to adduce sufficient evidence to prove beyond a reasonable doubt that he acted with premeditation or a specific intent to kill.

As it relates to this issue, our High Court explained, "An intentional killing is a 'killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing.'" ***Id***. (quoting 18 Pa.C.S. § 2502(d)). In ***Commonwealth v. Jordan***, 65 A.3d 318, 323 (Pa. 2013)

(quoting **Commonwealth v. Drumheller**, 808 A.2d 893, 910 (Pa. 2002)), the High Court further explained, "[p]remeditation and deliberation exist whenever the assailant possesses the conscious purpose to bring about death." Furthermore, "the design to kill can be formulated in a fraction of a second." **Id**. Finally, both specific intent and malice may be established through circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's body. **Commonwealth v. Houser**, 18 A.3d 1128, 1134 (Pa. 2011). As we reiterated in **Commonwealth v. Matthews**, 870 A.2d 924, 929 (Pa.Super. 2006) (citations omitted), "As intent is a subjective frame of mind, it is of necessity difficult of direct proof. Accordingly, we recognize that '[i]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.'"

Viewing the evidence in a light most favorable to the Commonwealth, we find sufficient evidence of Appellant's premeditation and specific intent to kill Mr. Cole to sustain the first degree murder conviction. Specifically, the Commonwealth established that Appellant lay in wait for his victim outside of the entrance to the 22nd Street Café for approximately ten minutes. When Mr. Cole emerged from the bar, Appellant immediately engaged him, and as Cole continued to walk away, Appellant surreptitiously removed a firearm from the waistband of his pants, leveled it at Mr. Cole, and opened fire. As

Mr. Cole struggled on the sidewalk, Appellant approached him and continued shooting.  Altogether, Appellant shot Mr. Cole five times.

As it relates to premeditation, the foregoing evidence established that Appellant's measured purpose in waiting outside of the bar was to ensnare Mr. Cole under the pretext of conversation and then shoot him.  Stated another way, Appellant ambushed Mr. Cole.  Hence, we conclude that the Commonwealth presented sufficient evidence of to prove Appellant's premeditation and deliberation, *i.e.*, "the conscious purpose to bring about death," beyond a reasonable doubt.  ***Drumheller***, ***supra*** at 910. ***Commonwealth v. Groff***, 514 A.2d 1382 (Pa.Super. 1986) (defendant's preparation, lying in wait, and entering victim's house with loaded weapon were evidence of premeditation and proof of his intent to kill victim).

Likewise, regarding Appellant's specific intent, the certified record confirms that Appellant fired multiple gunshots at Mr. Cole's head and one shot each to his back and chest.  All of the bullet wounds impacted vital areas of the victim's body, and three wounds were independently capable of causing death.  N.T., 11/4/15, at 9-11.  This evidence sustains the Commonwealth's burden of proving that Appellant acted with a specific intent to kill.  ***Houser***, ***supra*** at 1134 (fact-finder may infer specific intent to kill victim based on defendant's use of deadly weapon upon vital part of victim's body); ***Commonwealth v. Smith***, 985 A.2d 886, 896 (Pa. 2009) (seven separate gunshot wounds evince specific intent to kill);

- 7 -

***Commonwealth v. Mattison***, 82 A.3d 386, 392-293 (Pa. 2013) (head is vital part of body); ***Commonwealth v. Hanible***, 836 A.2d 36, 38 (Pa. 2003) (chest is vital part of body).

Finally, we observe that the underpinnings of Appellant's argument in favor of an arrest of judgment are faulty. Appellant's contentions are based on the dual implications that: (1) he had a benign reason to loiter outside of the bar other than lying in wait to ambush Mr. Cole; and (2) the shooting was entirely spontaneous. These arguments fail for at least two reasons. First, Appellant's positions flout the evidentiary deference for the Commonwealth's evidence as the verdict winner that we outlined *supra*, and second, ignores the ensconced legal tenet that "the design to kill can be formulated in a fraction of a second." ***Jordan***, ***supra*** at 323. Hence, no relief is due.

Having found that the Commonwealth offered sufficient evidence to satisfy its burden of proving the elements of first degree murder, we next address his challenge to the weight of the evidence. Once again, Appellant assails the Commonwealth's evidence regarding his *mens rea*. Essentially, Appellant complains that, based on the evidence presented during the trial, the jury was required to "engage in speculation, conjecture and surmise in order to determine that [he] . . . acted with premeditation and specific intent to kill[.]" Appellant's brief at 14. Stressing the principle that, whenever "evidence offered to support a verdict of guilt is so unreliable and/or

contradictory as to make any verdict based thereon pure conjecture, a jury cannot be permitted to return such a finding[,]" Appellant asserts that the trial court erred in rejecting his request for a new trial. **See Commonwealth v. Karkaria**, 625 A.2d 1167, 1170 (Pa. 1993). We disagree.

The trial court's belief that the verdict is not against the weight of the evidence and that a new trial is not warranted in the interest of justice is one of the least assailable reasons for a trial court to deny a new trial. **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000). It is well-established that appellate review of a weight claim is limited to determining whether the trial court abused its discretion and is not to substitute an appellate court's judgment for that of the trial court. **Commonwealth v. Best**, 120 A.3d 329 (Pa.Super. 2015). A new trial should only be awarded if the jury's verdict is so contrary to the evidence as to shock one's sense of justice. **Id**.

Instantly, the jury considered the Commonwealth's evidence, including the video compilation of the events that preceded the murder, as well as Appellant's arguments suggesting that the murder was a spontaneous incident. Appellant contends that the jury's verdict was contrary to the evidence concerning whether he possessed the requisite intent to kill and acted with premeditation. In rejecting this claim, the trial court concluded, "the evidence of Appellant's guilt was overwhelming [and] [h]is convictions

were clearly supported by the evidence and testimony presented by the Commonwealth." Trial Court Opinion, 5/10/16, at 8.   It continued, "[m]oreover, the evidence presented was not 'tenuous, vague, and uncertain.' The jury's verdict in this case was not so contrary to the evidence as to shock one's sense of justice." *Id*.

In reviewing the trial court's foregoing statement we do not discern an abuse of discretion in the trial court's ruling on the claim.  To the contrary, the trial court cogently set forth its rationale for denying Appellant's claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2017