J-S32028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELSWORTH L. GROFF, JR. | : | |
| | : | |
| Appellant | : | No. 35 MDA 2023 |

Appeal from the PCRA Order Entered December 13, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-MD-0000911-1983

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED: OCTOBER 12, 2023**

Elsworth L. Groff, Jr., appeals *pro se* from the order denying his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

Forty years ago, following a September 1983 jury trial, Groff was found guilty of first-degree murder for killing his wife. On December 2, 1985, the trial court sentenced him to life in prison. On September 15, 1986, we affirmed his judgment of sentence, and on August 10, 1987, our Supreme Court denied his *pro se* petition for *allocatur*. **Commonwealth v. Groff**, 514 A.2d 1382 (Pa. Super. 1986), **appeal denied**, 531 A.2d 428 (Pa. 1987). Groff did not seek further review.

On May 6, 1992, Groff filed a *pro se* PCRA petition, and the PCRA court appointed counsel. Upon review of Groff's case, PCRA counsel filed a "no-

merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and a motion to withdraw. By order entered October 24, 1996, the PCRA court dismissed Groff's petition. The PCRA court also granted PCRA counsel's motion to withdraw.

Groff filed a *pro se* appeal. In an unpublished memorandum filed on December 5, 1997, this Court vacated the order denying post-conviction relief because the PCRA court failed to provide Groff with Pa.R.Crim.P. 1507 (now 907) notice of its intention dismiss his PCRA petition without a hearing. **Commonwealth v. Groff**, 706 A.2d 1252 (Pa. Super. 1997). On remand, the PCRA court provided Groff with proper notice. After considering Groff's response, the PCRA court dismissed his petition on May 4, 1998. Once again, Groff filed a *pro se* appeal. On July 28, 1999, this Court found Groff's claims either waived or meritless. We therefore affirmed the PCRA court's order denying him post-conviction relief. **Commonwealth v. Groff**, No. 154 MDA 1999 (Pa. Super. 1999) (unpublished memorandum).

More than twenty years later, on August 17, 2022, Groff filed the *pro se* PCRA petition at issue, his second. Within this petition, Groff included a claim that his PCRA counsel was ineffective, relying on the decision from the Supreme Court of Pennsylvania in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). On September 28, 2022, the PCRA court issued a Rule 907 notice that, because the petition was untimely, it would be dismissed without a

hearing.[1] Groff filled a response. By order entered December 12, 2022, the PCRA court dismissed Groff's second petition. This appeal followed. Both Groff and the PCRA court have complied with Pa.R.A.P. 1925.

Groff raises the following three issues on appeal:

I.     Whether the PCRA court erred and abused its discretion in dismissing [Groff's PCRA] petition without an evidentiary hearing?

II.    Whether the PCRA court erred and abused its discretion in dismissing [Groff's PCRA] petition where it was argued that the [Commonwealth] committed prosecutorial misconduct at time of trial when violating the trial [court's] June 29, 1983, pre-trial suppression order, and permitted [a] Commonwealth witness to testify falsely in regards to a civil matter of which [Groff] was not on trial for?

III.   Whether the PCRA court erred and abused its discretion in dismissing [Groff's PCRA] petition where it was argued that PCRA counsel . . . was ineffective when explaining to the PCRA court that all [Groff's] PCRA issues were both finally litigated or waived pursuant to the latest 1996 amendments to the PCRA?

_____

[1] Neither the PCRA petition nor the Rule 907 notice appear in the certified record. Groff has filed motions for reconsideration of this Court's prior order denying his application for relief in which he noted that numerous material court documents have been omitted from the record and, therefore, has caused a "prior breakdown" of the judicial process. Application for Relief, 6/12/23. According to Groff, the inclusion of these documents in the certified record is "necessary for complete" appellate review. *Id.* Although we share Groff's concern over the absence of these documents from the certified record, we find that appellate review is not impeded. Therefore, we deny Groff's motions for reconsideration.

Groff's Brief at 4 (excess capitalization omitted).[2]

Groff challenges the denial of his most recent attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Blakeney**, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id.**

Before addressing Groff's substantive issues, we must first determine whether the PCRA court correctly concluded that Groff's second petition was untimely filed, and that he failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012)

---

[2] The Commonwealth sent this Court a letter to inform us that it would not be filing a brief, but instead, would rely on the PCRA Court's 1925(a) opinion.

(citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Groff's judgment of sentence became final on October 9, 1987, sixty days after our Supreme Court denied his *allocatur* petition and the time for filing a writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. Rule 20.1 (repealed).[3] Therefore, Groff had one year in which to file a timely PCRA petition. Because Groff filed the petition at issue decades later in 2022, it is patently untimely

---

[3] When our Supreme Court denied Groff's *allocatur* petition, he had sixty days to file with the Clerk of the United States Supreme Court a petition for writ of *certiorari* under what was then U.S. Sup. Ct. R. 20.1 Effective January 1, 1990, Rule 20.1 was renumbered as U.S. Sup. Ct. R. 13. The renumbering also enlarged the time for the filing the petition for a writ of *certiorari* to ninety days.

unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

The PCRA court correctly concluded that Groff's second petition was untimely and that he could not establish a time bar exception. The PCRA court first found that Groff could not establish the "retroactive constitutional right" exception, section 9545(b)(1)(iii), based on *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021).

The PCRA court explained:

> [Groff's] reliance on *Bradley* appears to be the basis of his contention that the "retroactive constitutional right" exception . . . excuses the untimeliness of his instant Petition, in which he argues, *inter alia*, that [PCRA counsel] provided ineffective [assistance] during [Groff's] first claim for PCRA relief. In *Bradley*, the Pennsylvania Supreme Court held that "a PCRA Petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raises claims of [initial] PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401. However, the *Bradley* Court noted that its decision did not "create an exception to the PCRA's jurisdictional time-bar" and that the "new rule allows PCRA counsel ineffectiveness claims to be raised on collateral appeal, rather than in a serial PCRA petition." [*Id.*] at 406 (Dougherty, J., concurrence)[.]
>
> ***
>
> [S]ince the filing of the instant appeal, the Superior Court has [concluded] that "[n]othing in *Bradley* creates a right to file a second PCRA outside the PCRA's one-year-time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Commonwealth v. Stahl*, [292 A.3d 1130, 1136 (Pa. Super. 2023)]. The *Stahl* court clarified that the "Supreme Court in *Bradley* unambiguously rejected the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel." *Id.* Therefore, *Bradley* does not excuse the facial untimeliness

of [Groff's] instant filing and he has failed to show that any other "retroactive constitutional right" within the meaning of Section 954[5](b)(1)(iii) applies.

PCRA Court Opinion, 3/13/23, at 6-8.

The PCRA court also correctly concluded that Groff could not rely upon the **Bradley** decision to satisfy the "newly-discovered fact" exception to the PCRA's time bar. The court explained:

> [Groff's] claim that the untimeliness of his Petition is excused by Section 954[5](b)(1)(ii)'s "newly[-]discovered fact" exception is similarly unavailing. **See Bradley**, 261 A.3d at 404 n.18 (stating, "[w]e decline to adopt [an] approach . . . that would deem a petitioner's 'discovery' of initial PCRA counsel's ineffective assistance to constitute a 'new fact' that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time[-]bar provision under the [newly-discovered facts] exception"); **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) explaining that claims of previous PCRA counsel's ineffectiveness, when raised in a subsequent or serial petition, are not "newly-discovered facts: within the meaning of the statutorily enumerated time-bar exception). Although the Pennsylvania Supreme Court has since held that previous PCRA counsel's ineffectiveness can constitute a "newly[-]discovered fact within the meaning of Section 9545(b)(1)(ii) where counsel's actions amount to abandonment or complete denial of representation, [Groff] has failed to plead and prove that his prior PCRA counsel's conduct fell within the ambit of abandonment or compete denial of representation. **See Commonwealth v. Bennett**, 930 A.3d 1264, 1273-75 (Pa. 2007).

PCRA Court Opinion, 3/13/23 at 8-9. Once again, our review of the record supports the PCRA court's conclusions.

Groff's claims to the contrary are unavailing. Initially, he takes issue with the PCRA court's conclusion that initial PCRA counsel did not abandon

him to the extent that he was completely denied counsel. *See* Groff's Brief at 23-24. This claim is belied by the record. As noted above, initial PCRA counsel filed a *Turner*/*Finley* "no-merit" letter, with which the PCRA court agreed after an independent review and granted PCRA counsel's motion to withdraw. Given these circumstances, Groff clearly was not abandoned by initial PCRA counsel.

Citing *Commonwealth v. Medina*, 92 A.3d 1210 (Pa. Super. 2014) (*en banc*), Groff further contends that "he qualifies for [an] exception as per the PCRA time requirements to §9545(b)(1)(ii) when making a strong prima facie showing that there occurred "BOTH" a breakdown of the judicial process, demonstrating that a miscarriage of justice which resulted in [Groff's] conviction which no civilized society could tolerate, and that [he] is innocent of the crime for which he was charged." Groff's Brief at 24.

We first note that the "procedural breakdown" to which Groff refers is the PCRA court's failure, in *1996*, to afford him notice prior to the dismissal of his petition without a hearing. *Id.* As noted above, this failure was later rectified, Groff responded, and the PCRA court again denied post-conviction relief." Thus, no "breakdown in the judicial process" occurred in Groff's case.

Moreover, Groff's reliance upon this Court's decision in *Medina* is misplaced. Although in stating the applicable law we did include the language to which Groff refers, the facts of that case are clearly distinguishable. In *Medina*, this Court found that a key witness's recantation testimony met the newly-discovered fact exception where a detective had threatened one of the

Commonwealth witnesses, causing him to lie. *Medina*, 92 A.3d at 1217. Here, Groff proffered no such facts.

Finally, although courts will review a request in a second or subsequent collateral attack on a conviction if there is a strong prime facie showing that a miscarriage of justice occurred, it is now well settled that there is no "miscarriage of justice" exception to the PCRA's time bar. *See*, *e.g. Commonwealth v. Burton*, *supra*.

In sum, the PCRA court correctly concluded that Groff's 2022 petition was patently untimely and that he did not plead and prove a time-bar exception. Thus, this Court, like the PCRA court, has no jurisdiction to consider the merits of Groff's substantive issues. *Derrickson*, *supra*. We therefore affirm the PCRA court's order denying Groff post-conviction relief.

Motions for reconsideration denied. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/12/2023